O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SHAHNAZ NIKNAM,<br><br>      Plaintiff,<br><br>      v.<br><br>SAFECO INSURANCE COMPANY; and DOES 1–25, inclusive,<br><br>      Defendants. | Case № 2:19-cv-04937-ODW (JEM)<br><br>**ORDER REMANDING ACTION AND DENYING MOTION TO DISMISS [12] AND MOTION TO STRIKE [13] AS MOOT** |

## I. INTRODUCTION

On June 6, 2019, Defendant removed this action to federal court based on alleged diversity jurisdiction. (Notice of Removal ("Notice") ¶ 5, ECF No. 1.) After reviewing Plaintiff's Complaint and Defendant's Notice of Removal, it is unclear, and Defendant has not established by a preponderance of the evidence, that the amount in controversy exceeds $75,000, and thus the Court lacks subject matter jurisdiction. Consequently, this action is **REMANDED** to state court.[1] As a result, the pending Motion to Dismiss (ECF No. 12) and Motion to Strike (ECF No. 13) are **DENIED as MOOT**.

---

[1] After carefully considering the Notice of Removal and Plaintiff's "Verified" Complaint, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## II. FACTUAL BACKGROUND

Plaintiff brings two causes of action against Defendant: (1) violation of California Business and Professions Code section 17200 under the unlawful prong; and (2) violation of California Business and Professions Code section 17200 under the fraudulent prong. (Notice Ex. A ("Compl."), at 1.) The basis for Plaintiff's claim is that Defendant charged Plaintiff's credit card without her authorization. (Compl. 4–5.) Plaintiff was allegedly unlawfully charged $1,132.41. (Notice ¶ 11(a).) As a result of Defendant's alleged actions, Plaintiff seeks reimbursement for the charges, damages for mental anguish and emotional distress in the amount of $50,000, and punitive damages. (Compl. 9.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

Removal of an action is proper on the basis of an amount in controversy "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, a defendant's bald recitation that the amount in controversy exceeds the jurisdiction threshold, "without the defendant identifying any specific factual allegations or provisions in the complaint which might

support that proposition, should provoke *sua sponte* remand." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court may remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co.*, 360 F.3d at 967.

## IV. DISCUSSION

Defendant invokes diversity as the basis of the Court's subject matter jurisdiction. (Notice ¶ 5.) To satisfy the jurisdictional threshold, Defendant argues that Plaintiff alleges (1) unauthorized charges in the amount of $1,132.41; (2) general damages for mental anguish and emotional distress and other incidental damages in the amount of $50,000; and (3) punitive damages. (Notice ¶ 11.)

Facially, based on the allegations in the Complaint, the jurisdictional minimum has not been met. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). Based on the Complaint, the amount in controversy is $51,132.41, well below the jurisdictional minimum. Further, "[c]onclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91. Regardless, Defendant has not provided any additional evidence or information to show that the amount in controversy exceeds $75,000.

Courts may consider punitive damages in the amount in controversy when they are recoverable as a matter of law. *See Lenau v. Bank of America, N.A.*, 131 F. Supp. 3d 1003, 1007 (E.D. Cal. 2015). However, mere reference to possible punitive damages "is insufficient to prove that the amount in controversy has been met,"

otherwise, "the mere reference to possible punitive damages' exposure would satisfy the amount in controversy requirement in every removed case." *Id.*; *see also Martinez v. Kirk Xpedx*, No. C03-3106 VRW, 2003 WL 21715875, at *2 (N.D. Cal. July 15, 2003) (finding that unsubstantiated allegations are insufficient to meet the jurisdictional limit and may warrant remand). Here, although Defendant included punitive damages to meet the jurisdictional requirement in its Notice and cited jury verdicts where punitive damages have been awarded, Defendant takes the position in its Motion to Strike that punitive damages in this case are not recoverable by law. (*See* Notice ¶¶ 12, 16; Mot. to Strike 1, ECF No. 13-1.) Defendant's conflicting positions in its Notice and Motion to Strike suggest that the inclusion of punitive damages is for the sole purpose of invoking diversity jurisdiction, which is improper. *See Jackson v. Frank*, No. C12-03975 HRL, 2012 WL 6096905, at *2 (N.D. Cal. Dec. 7, 2012) ("Courts increasingly view punitive damages claims with skepticism, especially if asserted for the apparent purpose of meeting the jurisdictional minimum."). Defendant has not made a sufficient showing to invoke this Court's jurisdiction.

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the Superior Court of California, County of Los Angeles, Case No. 19SMCV00764, 1725 Main Street, Santa Monica, California 90401. As such, the Motion to Dismiss (ECF No. 12) and Motion to Strike (ECF No. 13) are **DENIED as MOOT**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

June 19, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**